## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

INSURED AIRCRAFT TITLE          )
SERVICE INC.,                   )
                                )
                    Plaintiff,  )
vs.                             )            NO.  CIV-09-1026-HE
                                )
WEST GAINES SEED & DELINTING,   )
INC., et al.,                   )
                                )
                    Defendant.  )

## ORDER

Plaintiff Insured Aircraft Title Service, Inc. filed this action in state court to interplead monies escrowed in conjunction with the purchase of an airplane.  The defendants assert competing claims of ownership.  Defendants Tanski Aviation, LLC and Carole J. Tanski removed the case,[1] based on diversity of citizenship, citing 28 U.S.C. § 1332.  The defendants state in the notice of removal that the plaintiff is a Delaware corporation with its principal place of business in Oklahoma, that defendant West Gaines Seed & Delinting, Inc. (West Gaines") is a Texas corporation with its principal place of business in that state, that defendant Tanski Aviation LLC is a Delaware limited liability company with its principal

---

[1] *Codefendant West Gaines Seed & Delinting, Inc. ("West Gaines") did not join in the notice of removal, but filed its consent to removal the day after the case was removed.  While it is unclear whether Gaines Seed's consent was timely, any defect has been waived. 28 U.S.C. § 1447(c).  See 28 U.S.C. § 1447(c) ("motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981) (petition for removal was procedurally defective due to codefendant's failure to join in petition).*

place of business in Delaware[2] and that defendant Carole Tanski is a Delaware resident.[3]
While the defendants specified in the notice that the amount in controversy which had been
deposited into an escrow account was "represented to be $75,000.00," Notice of Removal,
p. 2, they then alleged that the "matter in controversy, exclusive of interest and costs, exceeds
the sum of $75,000.00." *Id.* The court questioned the existence of subject matter jurisdiction
at the status conference and the parties have submitted briefs on the issue. Defendant West
Gaines claims the requirements of 28 U.S.C. § 1441 are not met, while the Tanski defendants
contends jurisdiction is proper under 28 U.S.C. § 1335.

The defendants initially relied on diversity as the basis for removal. They now assert
the court has federal statutory interpleader jurisdiction under § 1335. Generally "defendants
may not add completely new grounds for removal or furnish missing allegations, even if the
court rejects the first-proffered basis of removal ...." 14C Charles Alan Wright, Arthur R.
Miller, Edward H. Cooper, & Joan E. Steinman, Federal Practice And Procedure § 3733 at
655 (2009). The authorities do not provide clear guidance as to whether the defendants are
now basing jurisdiction on a "different ground" within the meaning of the rule. The
distinction is clear when a party switches the basis for jurisdiction from diversity to federal
question. It is less obvious in a situation such as that present here, where the new ground has

_____

[2]*Tanski Aviation LLC's citizenship is not clear from the petition for interpleader or the notice, as a limited liability company is a citizen of any state of which a member is a citizen.*

[3]*Diversity jurisdiction hinges on a party's citizenship, not residency. See 28 U.S.C. § 1332. It appears from the Tanski defendants' brief that the citizenship of Ms. Tanski was erroneously identified in the notice of removal. The defendants state in their brief regarding jurisdiction that she is a "New York domiciliary and resides at the Clifton Park [New York] address."*

similar requirements (minimal amount in controversy and diversity) to that initially pleaded and those requirements are satisfied by the facts alleged in the notice of removal.

In these circumstances, the court "look[s] to presumptions that might aid [its] analysis. It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir 2005). Thus, if there is ambiguity as to whether § 1335 constitutes a different ground for federal jurisdiction, the court resolves the uncertainty in favor of remand.

Accordingly, the court concludes it lacks subject matter jurisdiction over the parties' competing claims for the interpleaded money and remands the action to the District Court of Oklahoma County.

**IT IS SO ORDERED**.

Dated this 28th day of January, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE